

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2006

# Barnes v. Xtra Superfood Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Barnes v. Xtra Superfood Ctr" (2006). *2006 Decisions.* Paper 338.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/338

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3444
_____


THERESE BARNES,

Appellant

v.


XTRA SUPERFOOD CENTERS, INC.
d/b/a PUEBLO SUPERMARKETS

_____

On Appeal from the District Court
of the Virgin Islands
(Division of St. Croix, No. 02-cv-00145)
Magistrate Judge: Honorable George W. Cannon
_____

Argued on May 8, 2006


Before: FISHER, COWEN, and ROTH*, <u>Circuit Judges</u>

(Opinion Filed October 11, 2006)


_____


*Judge Roth assumed senior status on May 31, 2006.

Ralph O. Anderson, Esquire (Argued)
12555 Orange Drive
Suite 268
Daive, FL   33330

Counsel for Appellee


Joel H. Holt, Esquire (Argued)
2132 Company Street
Suite 2
Christiansted, St. Croix
U.S. Virgin Islands,   00820

Counsel for Appellant


---

OPINION

---

**ROTH**, Circuit Judge

Theresa Barnes brought suit against XTRA Superfood Centers, Inc., d/b/a Pueblo Supermarkets, for personal injuries, resulting from a fall in a Pueblo Supermarket.  She now appeals the judgment of the District Court in favor of the defendant.  For the reasons that follow, we will affirm.

## I.  Background and Procedural History

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to this appeal.

In September 2002, while shopping in a Pueblo Supermarket, Theresa Barnes

slipped and fell, sustaining injuries. Barnes brought suit against Pueblo for damages,

claiming that she slipped on water that came from a leak in the ceiling. For its part,

Pueblo put forth evidence that the water on the floor was the result of a leak from a

bottled water container in Barnes' shopping cart.[1] After a three-day jury trial, a verdict of

no liability was returned in favor of Pueblo. On appeal, Barnes contends that the

Magistrate Judge[2] erred by improperly rejecting Barnes' proffered jury instruction on

known or obvious dangers[3] and by failing to award a new trial in light of two jurors'

alleged dishonest responses during *voir dire*.

## II.  Jurisdiction and Standard of Review

The District Court for the Virgin Islands had diversity jurisdiction pursuant to 28

U.S.C. § 1332. We have jurisdiction over this appeal from a final order under 28 U.S.C.

§§ 1291 and 1294(3).

Our review of the legal standard set forth in jury instructions is plenary. *United*

*States v. Johnstone*, 107 F.3d 200, 204 (3d Cir. 1997). We review the wording of the

instructions for abuse of discretion. *See United States v. Zehrbach*, 47 F.3d 1252, 1264

---

[1] The manufacturer of the bottle, Purified Water, Inc., is no longer a party to this case.

[2] This case was tried before Magistrate Judge George Cannon by consent of the parties pursuant to FED. R. CIV. P. 73 and 28 U.S.C. § 636. Appeals from judgements entered by magistrates judges under Rule 73 and 28 U.S.C. § 636 are treated like appeals from judgments of district courts. FED. R. CIV. P. 73(c).

[3] Barnes' proposed instruction was a combination of Restatement (Second) of Torts § 343A and its accompanying commentary. After the Magistrate Judge rejected Barnes' expansive version of the principles set forth in that section, Barnes chose not to offer a more neutral phraseology; for example, just the language from section 343A itself.

(3d Cir. 1995). In conducting our inquiry, we examine the jury instructions as a whole and assess whether the instructions properly apprized the jurors of the issues and the governing law. *United States v. Yeaman*, 194 F.3d 442, 452 (3d Cir. 1999) (citing *Dressler v. Busch Entertainment Corp.*, 143 F.3d 778, 780 (3d Cir. 1998)).

We review the decision of a trial court on whether to grant a new trial because of juror misconduct for abuse of discretion. *United States v. Hodge*, 321 F.3d 429, 440 (3d Cir. 2003) (citing *United States v. Bertoli*, 40 F.3d 1384, 1392 (3d Cir. 1994)).

## III. Analysis

After the presentation of the evidence, the Magistrate Judge considered instructions proffered by both parties and charged the jury pursuant to the Restatement (Second) of Torts § 343, which sets forth the basic standard of care that a possessor of land owes to an invitee with respect to a dangerous condition known to or discoverable by the possessor.[4] That instruction provided, in relevant part:

> A possessor of land is subject to liability for physical harm caused to its invitees . . . by a condition on the land if, it
> 1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> 2) should expect that they will not discover or realize the danger, or would fail to protect themselves against it, and
> 3) fails to exercise reasonable care to protect them against the danger.

---

[4]The Virgin Islands has codified the rules of common law, as expressed in the Restatements, as the rules of decision in cases where territorial law applies. V.I. Code Ann. tit. 1, § 4.

4

Barnes agrees that this instruction was proper – as far as it goes. She argues, however, that the trial court erred by not instructing the jurors on liability where injury is the result of a known or open and obvious danger. Restatement (Second) of Torts § 343A.[5] We disagree.

Taken as a whole, and in light of the evidence presented at trial, the Magistrate Judge's instruction properly apprized the jurors of the issues and the governing law in the case. *Yeaman*, 194 F.3d at 452. Although there are situations in which an additional instruction under section 343A is necessary to augment the basic section 343 instruction, *see, e.g., Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1015-16 (7th Cir. 2000), this is not such a case. While there was evidence at trial to show that Barnes believed that the floor of the store was wet in certain locations, there was no evidence that Barnes ever saw water on the floor in the location where she slipped or that any water in that location was obvious. Moreover, Pueblo never asserted a defense based on Barnes' failure to protect herself from the known danger of a wet floor. Restatement (Second) of Torts § 343 presents the law applicable in situations such as this – where an invitee to a store is not

_____

[5]Section 343A provides:
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

aware of a pool of clear liquid which causes the invitee to slip and fall.  Accordingly, absent an evidentiary predicate establishing that the water on which Barnes slipped was obvious or that she was aware of it, but proceeded despite that awareness, there was no need for the inclusion of a section 343A charge.  *See Yeaman*, 194 F.3d at 452.

In addition to our conclusion that the facts presented at trial did not warrant the inclusion of a charge based on section 343A, we note that the Magistrate Judge's instructions allowed the jury to credit Barnes' argument that Pueblo could be found liable if the jury believed that Pueblo knew, or by the exercise of reasonable care should have known, that the floor was slick and Barnes would "not discover or realize the danger, *or would fail to protect [herself] against it . . ..*"

The proffered instruction offered three alternative pathways to liability, one of which provided an avenue for the jury to conclude that Pueblo should have expected that Barnes would fail to protect herself against the danger of a wet floor (because, for example, she was distracted by the attractively displayed merchandise) even if she discovered or realized the danger.  While the section 343A instruction is often given in "distraction" cases, the instruction here allowed the jury to reach the conclusion that Pueblo was liable even if the jury also found, despite the absence of any direct evidence to that effect, that Barnes knew of the dangerous condition or that the condition was open and obvious.  The adequacy of the instruction is underscored by the fact that it did not insulate Pueblo from liability for known or obvious dangers.  In these circumstances, the decision to exclude section 343A from the jury instruction was not error.

6

We also reject Barnes' argument that the Magistrate Judge erred in refusing to order a new trial due to jury misconduct. During *voir dire*, two jurors failed to raise their hands in response to a question asking whether they knew any of Barnes' eighteen siblings.[6] Barnes presented affidavits from two of her older siblings stating that two of the jurors not only knew the particular siblings, but in fact had quarreled with them years earlier. The Magistrate Judge denied Barnes' motion for a new trial following the framework set forth in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). After a thorough review of the record, we conclude that the Magistrate Judge did not abuse his discretion in denying the motion for a new trial. *See United States v. Hodge*, 321 F.3d 429, 441 (3d Cir. 2003).

## IV. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[6] None of the 18 siblings was identified by name.

7